354 So.2d 932 (1978)
FLORIDA GULF HEALTH SYSTEMS AGENCY, INC., Petitioner,
v.
The COMMISSION ON ETHICS of the State of Florida, Respondent.
No. 77-1397.
District Court of Appeal of Florida, Second District.
February 1, 1978.
Horace A. Andrews of Harris, Harris & Andrews, St. Petersburg, for petitioner.
Robert L. Shevin, Atty. Gen., and Walter Kelly, Asst. Atty. Gen., Tallahassee, for respondent.
BOARDMAN, Chief Judge.
By petition for writ of certiorari petitioner, Florida Gulf Health Systems Agency, Inc. (FGHS), seeks review of opinion CEO 77-102 issued July 21, 1977 by respondent, Commission on Ethics of the State of Florida. Upon consideration of the matter the petition is granted.
Petitioner requested an advisory opinion from respondent concerning the applicability of the financial disclosure law, Section 112.3145, Florida Statutes (1975), to members of the governing board of FGHS.
`Is a person who becomes a member of the governing body of Florida Gulf Health Systems Agency, Inc., . .. by action of the governing body in filling a vacancy on its board, a "local officer" pursuant to F.S. 112.3145?'
Respondent answered the posed question in the affirmative on the basis that

*933 because of their broad powers, including the power to expend public funds and to affect the lives of citizens, members of a governing board of a Health Systems Agency fall within the class of public officials for which financial disclosure was intended, despite the fact that such agencies are legally structured as non-profit [sic] corporations.
That opinion referred to a previous opinion, CEO 77-18 issued February 17, 1977, which found the financial disclosure law applicable to the members of the governing body of the Florida Panhandle Health System Agency, Inc. reasoning that:
As each HSA has the authority to establish plans for the future development of health facilities in its area, to make grants and to enter into contracts in furtherance of those plans, we find that the powers, jurisdiction and authority of each HSA are not solely advisory. Therefore an HSA is not an advisory body for purposes of financial disclosure.
.....
The health planning functions of each HSA and the legal authority to implement its plans give each HSA broad power to influence the lives of persons within its jurisdiction. Because of this authority, we feel that the members of the governing body of each HSA, the persons who are responsible for its decision, undoubtedly fall within the class of public officials for which financial disclosure was intended by the Legislature. Moreover, had each HSA been structured as a public regional planning body or a single unit of local government (as the Act contemplated), instead of as a nonprofit corporation, members of its governing body would clearly constitute `local officers.' As a result, we refuse to believe that the legal structure of an HSA is of material consequence here.
FGHS is a private, nonprofit corporation formed according to the corporate laws of this state and pursuant to the National Health Planning and Resources Development Act of 1974 (Act). 42 U.S.C. §§ 217a, 229, 291b, 300k-t (1977). There is no dispute that petitioner complied with the provisions of the pertinent state law with regard to its organization as well as with the applicable federal law and that it was the legal entity properly designated as the health system agency for Area IV of Florida. The legal structure of a health service agency may be either (1) a nonprofit, private corporation, (2) a public regional planning body, or (3) a unit of general local government. 42 U.S.C. § 300 l-1(b)(1) (1977). A member of a public regional planning body or local government is subject to Section 112.3145 by virtue of his position as a "local officer." Respondent concluded that since the members of the agencies occupy identical positions and perform identical functions under the Act regardless of its form of organization, a member of a private corporation who is not otherwise subject to the financial disclosure law must comply with that statute.
We cannot accept this conclusion because there is no authority to support it. We have been unable to find either statutory pronouncement or case law construing a statute which would support the result reached by respondent. The legislature is charged with the responsibility of making the law. The courts, on the other hand, are mandated to follow the law and follow the law they must. In doing so we must interpret and construe a statute according to the precise language adopted by the legislature.
By its express terms Section 112.3145 applies only to state officers, local officers, candidates for those offices, and other specified employees. "Local officer" is the only category even arguably applicable to the members of FGHS. Section 112.3145(1)(a) defines "local officer" for the purposes of this statute as:
1. Every person who is elected to office in any political subdivision of the state, and every person who is appointed to fill a vacancy for an unexpired term in such an elective office.
2. Any appointed member of a board, commission, authority, community college district board of trustees, or council of *934 any political subdivision of the state, excluding any member of an advisory body. A governmental body with land-planning, zoning, or natural resources responsibilities shall not be considered an advisory body.
Neither stockholders, directors, nor officers of a private corporation can be termed "local officers" under this statute since they are neither "appointed" nor "elected" as contemplated by the financial disclosure law.[1] Members of a private corporation accede to their positions as do members of any private business, that is by agreement among themselves without regard to the public generally.
Petitioner, by its petition for writ of certiorari, has raised as a second point whether
THE BOARD MEMBERS OF FGHS ARE "PUBLIC OFFICERS" FOR PURPOSES OF THE VOTING CONFLICT OF INTEREST PROVISIONS OF THE CODE OF ETHICS (SECTION 112.3143, FLORIDA STATUTES) AND THE STANDARDS OF CONDUCT PROVISIONS (SECTION 112.313, FLORIDA STATUTES).
We are precluded from answering this question for we are without appellate jurisdiction because it was not presented to respondent by petitioner and, consequently, not answered in opinion CEO 77-102 under review.
REVERSED.
SCHEB and OTT, JJ., concur.
NOTES
[1] The attorneys for both parties argued at length, in their briefs and during oral argument, the question whether a health service area is a "political subdivision" as used in this definition of "local officer." In view of our holding in this case we need not reach that issue.