372 So.2d 933 (1979)
Kenneth A. PLANTE, Appellant,
v.
Bruce A. SMATHERS, Etc., et al., Appellees.
No. 54851.
Supreme Court of Florida.
June 21, 1979.
*935 Tobias Simon, Miami, Charles L. Carlton, Lakeland, and Richard C. McFarlain of McFarlain, Bobo & Sternstein, Tallahassee, for appellant.
Albert J. Hadeed, Southern Legal Counsel, Inc., Gainesville, and Robert J. Vossler, Gen. Counsel, Dept. of State, Tallahassee, for appellees.
Jim Smith, Atty. Gen., and David K. Miller, Asst. Atty. Gen., Tallahassee, for intervenor-appellees.
ALDERMAN, Justice.
This is a direct appeal from a final judgment of the Circuit Court of Leon County, construing article II, section 8, Florida Constitution.[1] The issue before us is whether this constitutional provision requires full and public financial disclosure as a condition precedent to a candidate qualifying for an elective constitutional office when the candidate qualifies after July 1 of the election year. This case, as it relates to the 1978 election, has become moot; however, we elect to retain jurisdiction and to resolve the constitutional issue because it is a matter of great importance and of general public interest and will probably recur in the next general election. See Sadowski v. Shevin, 345 So.2d 330 (Fla. 1977). We construe article II, section 8, to require a candidate to make full and public financial disclosure even though he or she may not qualify prior to July 1 of the election year.
The following factual background is pertinent. Senator Kenneth Plante inquired of the Division of Elections whether a candidate for the state senate, qualifying on or after July 1 of the election year, has the legal obligation to make financial disclosure under article II, section 8, Florida Constitution, or chapter 112, Florida Statutes (1977). He was advised by letter from Mary Singleton, director of the division, that a candidate for public office is required to file a statement of financial disclosure pursuant to chapter 112, Florida Statutes (1977), at the time of qualifying as a candidate; however, nonincumbent candidates for elective constitutional office who do not become *936 candidates before July 1 of an election year are not required to file the full and public financial disclosure contemplated by article II, section 8(a) and (h) Florida Constitution, until the July 1 following qualification as a candidate.
Common Cause, Manning Dauer, and Stephen Pajcic filed with the circuit court a petition for writ of mandamus or, in the alternative, a complaint for declaratory and injunctive relief, seeking to compel the secretary of state to refuse to certify any candidate for elected constitutional office without having received from the candidate full and public financial disclosure as defined by article II, section 8(h). They further requested that the court declare Singleton's opinion null and void to the extent that it conflicts with article II, section 8(a) and (h). The circuit court entered an alternative writ directing Smathers to refuse to certify such candidates or to show cause. The circuit court was then advised that, due to Smathers' resignation, Jesse J. McCrary had been appointed secretary of state and that it was his intent to refuse to certify any candidate for elected constitutional office without having first received from such candidate the full and public financial disclosure required by article II, section 8.
The circuit court thereafter entered a peremptory writ of mandamus ordering the secretary of state to decline to accept qualifying papers of any candidate for elective constitutional office when such papers do not include full and public financial disclosure required by article II, section 8(a) and (h). The circuit court found that, although the issue might be moot as to these parties, the public interest would be served by resolving the issues; that sections 8(a) and (h) are self-executing; that the inclusion of the filing deadline of July 1 in 8(h) does not operate to relieve a nonincumbent candidate of the more stringent disclosure requirements of 8(h) merely because he does not become a candidate until after July 1; and that 8(a) and (h) require that a candidate for elective constitutional office file full and public financial disclosure with the secretary of state at the time he or she submits qualifying papers. Plante now appeals this ruling.
In November 1976, the people of Florida adopted article II, section 8, Florida Constitution, commonly referred to as the "Sunshine Amendment." In construing this section, it is our duty to discern and effectuate the intent and objective of the people. In re Advisory Opinion to the Governor, 243 So.2d 573 (Fla. 1971); State ex rel. McKay v. Keller, 140 Fla. 346, 191 So. 542 (1939). The spirit of the constitution is as obligatory as the written word. Amos v. Matthews, 99 Fla. 1, 126 So. 308 (1930). The objective to be accomplished and the evils to be remedied by the constitutional provision must be constantly kept in view, and the provision must be interpreted to accomplish rather than to defeat them. State ex rel. Dade County v. Dickinson, 230 So.2d 130 (Fla. 1970). A constitutional provision is to be construed in such a manner as to make it meaningful. A construction that nullifies a specific clause will not be given unless absolutely required by the context. Gray v. Bryant, 125 So.2d 846 (Fla. 1960).
We may glean light for discerning the people's intent from historical precedent, from the present facts, from common sense, and from an examination of the purpose the provision was intended to accomplish and the evils sought to be prevented. In re Advisory Opinion to the Governor, 276 So.2d 25 (Fla. 1973). Furthermore, we may look to the explanatory materials available to the people as a predicate for their decision as persuasive of their intent. Williams v. Smith, 360 So.2d 417 (Fla. 1978); In re Advisory Opinion to the Governor, 343 So.2d 17 (Fla. 1977). Further, an interpretation of a constitutional provision which will lead to an absurd result will not be adopted when the provision is fairly subject to another construction which will accomplish the manifest intent and purpose of the people. City of Miami v. Romfh, 66 Fla. 280, 63 So. 440 (1913).
Clearly the primary purpose for which the Sunshine Amendment was adopted *937 was to impose stricter standards on public officials so as to avoid conflicts of interest. The four major legitimate concerns of the people in advancing this amendment were accurately explained in Plante v. Gonzalez, 575 F.2d 1119 (5th Cir.1978). These are the public's right to know an official's interest, deterrence of corruption and conflicting interests, creation of public confidence in Florida's public officials, and assistance in detecting and prosecuting officials who violate the law. See also Myers v. Hawkins, 362 So.2d 926 (Fla. 1978).
Of utmost importance to our determining the intent of the people in adopting article II, section 8(a) and (h), is their expressed desire to be informed as to the personal finances of those they will be voting to put into office because of their legitimate concern to avoid conflicts of interests and since they feel that, armed with this knowledge, they will be able to discern the interests to which a public official most likely will be responsive. See Buckley v. Valeo, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976). Our form of government is based upon an enlightened choice by an informed electorate, and in Florida the people have expressly declared their desire that this information be made available to them by candidates for elected constitutional office.
We would reach an absurd result totally incongruous with the will of the people if we were to construe article II, section 8, to mean that one who becomes a candidate after July 1 of an election year need not disclose until the following July 1. An unsuccessful candidate would never be required to disclose, and a successful candidate would not be required to disclose until after six months into his office. Such construction would defeat the people's intent to become fully informed as to the candidates for office. The materials available to the voters at the time of their adoption of this constitutional provision reflect that they understood that all candidates would be required to disclose before they could ask the people to trust them with the responsibilities of government.
Plante suggests that it is the schedule to section 8 which makes it self-executing and which imposes the July 1 deadline on candidates for filing of their full and public financial disclosure. An uncritical reading of subsection (h) may lead one to conclude that this is the case. Since such a conclusion would lead to an absurd result, however, we are charged with the responsibility of determining whether there is a more reasonable construction available. We find that there is such a construction which will effectuate the people's intention to be informed prior to the election rather than long after the election has passed. Construing subsection (h) in such a manner as to give the natural significance to the words in the order used, we conclude that the July 1 date only applies to disclosure by officeholders since only officeholders can be subject to a fixed disclosure date in each year. The July 1 date contributes nothing to the requirement that candidates for elected constitutional office make full and public disclosure.
The application of subsection (h) solely to officeholders does not derogate from the self-executing nature of subsection (a). A constitutional provision is self-executing if it does not require legislative implementation. The test of whether a constitutional provision is self-executing is succinctly stated in Gray v. Bryant:
[W]hether or not the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment. State ex rel. City of Fulton v. Smith, 1946, 355 Mo. 27, 194 S.W.2d 302. If the provision lays down a sufficient rule, it speaks for the entire people and is self-executing. City of Shawnee v. Williamson, Okl. 1959, 338 P.2d 355. The fact that the right granted by the provision may be supplemented by legislation, further protecting the right or making it available, does not of itself prevent the provision from being self-executing. People v. Carroll, 1958, 3 N.Y.2d 686, 171 N.Y.S.2d 812, 148 N.E.2d 875.
*938 125 So.2d at 851. See also Alsdorf v. Broward County, 333 So.2d 457 (Fla. 1976).
Subsection (a) states that all candidates for elected constitutional offices shall file full and public disclosure of their financial interests. This language is clear and unambiguous, and the intent thereof is obvious and understandable. The trial court correctly determined that subsection (a) is self-executing and interpreted it to require that a candidate for elective constitutional office is required to file full and public financial disclosure with the secretary of state at the time he or she submits qualifying papers, pays the qualifying fee, if required, and subscribes to the candidate's oath, if required. This is a reasonable construction of subsection (a) insofar as the time at which a candidate is required to disclose. Section 112.312(4), Florida Statutes (1977), defines a candidate as follows:
"Candidate" means any person who has filed a statement of financial interest and qualification papers, has subscribed to the candidate's oath as required by s. 99.021, and seeks by election to become a public officer. This definition expressly excludes a committeeman regulated by chapter 103 and persons seeking any other office or position in a political party.
This statutory provision was in effect at the time the people ratified article II, section 8, and it served as a reasonable reference for the meaning of the term "candidate." We, therefore, conclude that article II, section 8(a), requires that candidates for elected constitutional office file full and public financial disclosure at the time they qualify.
Furthermore, we hold that to effectuate the intent of the people, the secretary of state must refuse to certify as qualified for election any candidate who fails to file the full financial disclosure required by article II, section 8 since failure to file constitutes a defect or insufficiency in a candidate's qualifying papers. See State ex rel. Fair v. Adams, 139 So.2d 879 (Fla. 1962); Eastmoore v. Stone, 265 So.2d 517 (Fla. 1st DCA 1972).
Accordingly, we affirm the judgment of the circuit court and hold that article II, section 8(a), is self-executing; that candidates for elected constitutional office must make the full and public financial disclosure prior to or at the time they qualify; and that, if a candidate fails to make such disclosure, the secretary of state must decline to accept the candidate's qualifying papers.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.
HATCHETT, J., concurs specially with an opinion.
HATCHETT, Justice, concurring specially.
I concur specially to point out that the court is drifting into the dangerous practice of exercising its jurisdiction whenever it feels a matter "is of great importance" or "of general public interest," even though legal issues are moot. We should retreat from this practice and leave "politically hot" issues to the political arena.
I also concur specially to emphasize that a literal reading of article II, section 8, would support the conclusion reached by Secretary Smathers, while judicial findings on intent, gleaned from "historical precedent" and from "an examination of the purposes of the provision" support the interpretation made by Secretary McCrary. Both opinions were correct when considered in light of the framework within which each was required to work.
NOTES
[1] Article II, section 8, provides in pertinent part:

Ethics in government.  A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse. To assure this right:
(a) All elected constitutional officers and candidates for such offices and, as may be determined by law, other public officers, candidates, and employees shall file full and public disclosure of their financial interests.
.....
(h) Schedule  On the effective date of this amendment and until changed by law:
(1) Full and public disclosure of financial interests shall mean filing with the secretary of state by July 1 of each year a sworn statement showing net worth and identifying each asset and liability in excess of $1,000 and its value together with one of the following:
a. A copy of the person's most recent federal income tax return; or
b. A sworn statement which identifies each separate source and amount of income which exceeds $1,000. The forms for such source disclosure and the rules under which they are to be filed shall be prescribed by the independent commission established in subsection (f), and such rules shall include disclosure of secondary sources of income.
(2) Persons holding statewide elective offices shall also file disclosure of their financial interests pursuant to subsection (h)(1).
(3) The independent commission provided for in subsection (f) shall mean the Florida Commission on Ethics.