HURLEY, Judge.
A petition for writ of habeas corpus was filed on October 2,1980, seeking petitioner’s release from the Pompano Juvenile Detention Facility. We ordered a response and reply thereto, notwithstanding that the question might become moot. On October 8,1980, petitioner was released to his mother and the case became moot. Nonetheless, we retained jurisdiction since the petition raised a recurring question of public importance which, if not resolved, would evade appellate review. See Plante v. Smathers, 372 So.2d 933, 935 (Fla.1979); Sadowski v. Shevin, 345 So.2d 330 (Fla.1977).
The question is whether a dependent child who is charged with indirect criminal contempt may be confined in a secure detention facility pending final hearing on the contempt charge. We answer in the affirmative.
On April 7, 1980, the trial court adjudicated D. H. to be a dependent child and added a special condition that he “attend school each and every day it is in session.” Subsequently, the court received a sworn petition which alleged that D. H., had failed to comply with the special condition. Thereupon, the court issued a rule to show cause why D. H. should not be held in contempt of court; a hearing date of May 16, 1980, was set. D. H. failed to appear and so, on May 21, 1980, the court entered an order to take D. H. into custody and detain him at the Pompano Juvenile Detention Center.
On September 30, 1980, after being a runaway for four months, D. H. returned home, and turned himself in to the juvenile authorities, whereupon he was placed in the Pompano Juvenile Detention Center. A detention hearing was conducted the next day, at which time the court sought alternative measures to assure that D. H. would attend a rescheduled show cause hearing. When no substitute measures — including parental custody — were found acceptable, the court confirmed its earlier order that the child be detained in a secure detention facility. It is the legality of the first order specifying detention at the Pompano Juvenile Detention Center, and its confirmation at the October 1st detention hearing, which are at issue here.
An analysis of this case must start with the court’s order of May 21, 1980. In our view, it was an “order of arrest” issued pursuant to Rule 8.280(a)(3), Fla.R.Juv.P. Furthermore, since indirect criminal contempt of court, if proved, would constitute a delinquent act, R. M. P. v. Jones, 392 So.2d 301 (Fla. 1st DCA 1981), we believe the trial court was well within its authority in ordering the child to be detained in a detention facility. See Section 39.032(2), Fla.Stat. (1980 Supp.) Accordingly, petitioner’s application for issuance of a writ of habeas corpus is denied and the order to show cause is discharged.
BERANEK and GLICKSTEIN, JJ., concur.