The Honorable George Firestone Secretary of State The Capitol Tallahassee, Florida 32301
Dear Secretary Firestone:
This is in response to your request for an Attorney General's Opinion on the following question:
 DOES SECTION 106.141(3), FLORIDA STATUTES, ALLOW AN INDIVIDUAL SEEKING OFFICE IN THE 1986 GENERAL ELECTION TO OPEN A CAMPAIGN ACCOUNT TODAY, EXPEND AND/OR DISBURSE ALL FUNDS AND CLOSE OUT THE ACCOUNT TWO YEARS FROM TODAY, AND IMMEDIATELY THEREAFTER OPEN A SECOND CAMPAIGN ACCOUNT AND ACCEPT CONTRIBUTIONS TO BE PLACED IN THE SECOND ACCOUNT?
You state in your letter that no funds are to be transferred from the first campaign account to the second campaign account.
Section 106.141, F.S., was created by Ch. 77-175, Laws of Florida, which is entitled in pertinent part "[a]n act relating to elections; . . . prescribing regulations governing the use and disposition of campaign funds . . . ." This section relates particularly to the disposition of surplus campaign funds by candidates.
Section 106.141, F.S., specifically delineates several situations in which the disposal of surplus funds in a campaign account is required: 1) a candidate's withdrawal of his candidacy; 2) the elimination or election of a candidate to office; or 3) the existence of funds on deposit in the campaign account of any candidate which "have not been used in a campaign" for public office within two years of establishment of the account. Section106.141(1)-(3), F.S. In each of these situations the statute contemplates the disposition of surplus funds in an account for a completed campaign, i.e., a campaign in which the candidate has withdrawn his candidacy, has been elected or eliminated, or in which funds remain which have not been used "in a campaign" within two years of the establishment of the account. Cf., s 106.141(5), F.S.; and s 106.141(6)(a), (b), and (d), F.S., which refer to the disposition of funds "with respect to a campaign which has been conducted." (e.s.)
In each of the instances described in s 106.141(1)-(3), F.S., all funds on deposit in a candidate's campaign account must be disposed of as provided in s 106.141(6) or (7), F.S., within a period of 90 days. Pursuant to s 106.141(6), F.S., a candidate who is required to dispose of funds may either: (a) return to each contributor, pro rata, surplus funds from a campaign which has been conducted; (b) donate the surplus funds from a campaign which has been conducted to a charity organization or organizations which meet the qualifications of s 501(c)(3) of the Internal Revenue Code; (c) give such funds to the political party of which the candidate is a registered member; or (d) give the surplus funds from a campaign which has been conducted to the state to be deposited in the General Revenue Fund in the case of a candidate for state office or in the case of a candidate for an office of a political subdivision to such political subdivision to be deposited in the general fund of the political subdivision. In addition, a candidate who is elected to office may dispose of surplus funds in his or her campaign account by transferring such funds to an office account up to certain specified amounts. Section 106.141(7), F.S. See also, s 106.141(11), F.S., stating that a candidate who is required by the provisions of that section to dispose of surplus funds in his or her campaign account and who fails to do so as provided in that section is guilty of a first degree misdemeanor.
Pertinent to your inquiry, subsection (3) of s 106.141, F.S., provides that:
 All funds on deposit in the campaign account of any candidate, which funds have not been used in a campaign for public office within 2 years from the date the campaign account was established, shall, within 90 days following the second anniversary of the date the campaign account was established, be disposed of pursuant to this section. Such candidate shall not accept any contributions, nor shall any person accept contributions on behalf of such candidate, after the second anniversary of the date the campaign account was established.
While not specifically defined in Ch. 106, F.S., "candidate" is defined for purposes of "The Florida Election Code" (Chs. 97-106, F.S.), in s 97.021(18), F.S., as any person who receives contributions or makes expenditures, or gives his consent for any other person to receive contributions or make expenditures, with a view to bringing about his nomination or election to, or retention in public office (s 97.021[18][c], F.S.), or as any person who appoints a treasurer and designates a primary depository (s97.021[18][d], F.S.). Further, any person who files qualification papers and subscribes to a candidate's oath is a "candidate" within the several definitions of "candidate" described in this subsection. See, s 97.021(18)(e), F.S.
It is significant to note that this definition of "candidate" was amended and enlarged by s 1, Ch. 77-175, Laws of Florida, to prescribe the several definitions of the term as currently codified and to delete the former statutory requirement that a candidate file qualification papers and pay qualification fees prior to being considered a "candidate" within the statutory definition. The current codification of s 97.021(18), F.S., does not require that a person file qualification papers and pay qualifying fees prior to being considered a candidate and therefore, under the present language of this section, a person may be so considered for an indefinite period prior to actual qualification. Extending this analysis, pursuant to s97.021(18)(c), F.S., a "candidate" is one who may receive contributions or make expenditures (or authorize any other person to do so) with a view to bringing about his nomination or election to or retention in public office, i.e., make use of such funds in a campaign for public office, for an indefinite period before actually qualifying for office.
The provisions of Ch. 106, F.S., when examined in their entirety, do not appear to address or expressly or impliedly limit, prohibit or regulate the events or circumstances described in your question. Cf., s 106.021(1), F.S., providing that each candidate and each political committee shall appoint a campaign treasurer and each candidate shall also designate a primary campaign depository prior to qualifying for office and may designate secondary depositories for campaign contributions but establishing no time frame therefor or anywise limiting the periods of time within which such appointments or designations are made or prescribing any "political season" during which candidates may appoint a campaign treasurer and designate a campaign depository and commence campaigning for election to or retention in office in a future election; s 106.025, F.S., regulating campaign fund raisers (as defined in s 106.011[11], F.S.); s 106.05, F.S., regarding the deposit of contributions; s 106.07, F.S., which requires that campaign treasurers file regular reports of all contributions to and expenditures made by a candidate or political committee at specified intervals from the time a campaign treasurer is appointed or the last day of qualifying for office or at other times preceding each election but which does not otherwise establish a time frame or prescribe a "political season" for such activity. While s 106.141(3), F.S., does prohibit a candidate from accepting contributions "after the second anniversary of the date the campaign account was established" this restriction, when read with other provisions of the section regulating the disposition of any surplus funds, appears to apply to and control contributions to a campaign account with respect to campaigns which have been conducted (see, s 106.141[5] and [6], F.S.) and not to any prospective campaigns and does not purport to effect or limit the establishment of or contributions to a campaign account to be established in the future for other campaigns for nomination or election to, or retention in office. Therefore, in the absence of any legislative or judicial direction otherwise, I conclude that the provisions of s 106.141(3), F.S., do not expressly or impliedly prohibit a candidate seeking office in 1986 from presently establishing a campaign account and disbursing funds therefrom if such candidate otherwise complies with the applicable requirements of Ch. 106, F.S.
Further, assuming arguendo that the limitations contained in s106.141(3), F.S., do apply to any such campaign account, there likewise are no statutory provisions precluding the expenditure of such campaign funds and closing the account within 90 days following the second anniversary of the date of its establishment.
To conclude otherwise and construe s 106.141(3), F.S., to prohibit the acceptance of campaign contributions at any time prior to the 1986 elections by any candidate as defined by s 97.021(18), F.S., and thereby place limitations on campaign expenditures by candidates for office in the 1986 elections may subject the statutory section to attack as an unconstitutional restraint of free speech and a restriction on the quantity of a candidate's communication and diversity of political speech. See, Sadowski v. Shevin, 345 So.2d 330 (Fla. 1977). In Sadowski, the Florida Supreme Court determined that a statute prohibiting certain expenditures by a candidate prior to qualifying for office constituted a limitation on campaign spending and an unconstitutional restraint on free speech under the First Amendment to the U.S. Constitution. While not specifically addressed in the Sadowski case, such a limitation on spending and restraint of free speech would appear to be violative of the Florida constitutional guarantee of free speech (substantially similar to that of the U.S. Constitution) which provides in pertinent part that "[n]o law shall be passed to restrain or abridge the liberty of speech or of the press." The court in Sadowski, supra, at 332, determined that the statute in question, s 106.15(1), F.S. 1975, denied candidates their fundamental right to speak to political issues and to advocate their candidacy until they were within the "political season" prescribed by the statute. Section 106.15(1), F.S. 1975, was repealed by omission by amendment of s 106.15 made by s 54 of Ch. 77-175, Laws of Florida, but any other statutory provision which constitutes a limitation on campaign spending by confining expenditures to a designated and limited time period or "political season" would appear to suffer from the same constitutional infirmity. See also, Buckley v. Valeo, 424 U.S. 936 (1976).
It must be assumed that the Legislature intended a valid enactment rather than one contrary to the federal or state Constitution and a statute should, if possible, be construed so as not to conflict with the constitutional guarantees of freedom of speech and political expression. See e.g., State ex rel. Johnson v. Goodgame,108 So. 836 (Fla. 1926); Williams v. City of Jacksonville,160 So. 15 (Fla. 1935); Burnsed v. Seaboard Coastline Railroad Company,290 So.2d 13 (Fla. 1974). To avoid a construction of s 106.141(3), F.S., which would call into question the constitutionality of the statute, it should be construed to regulate the disposition of surplus campaign funds with respect to campaigns which have been conducted, i.e., past as distinguished from future campaigns for election to or retention in office, and not to limit or prohibit a candidate seeking office in a future election from presently establishing a campaign account for a future campaign and accepting contributions thereto and making expenditures therefrom with respect to any such future campaign.
In sum, it is my opinion, unless and until judicially determined otherwise, that s 106.141(3), F.S., does not limit, regulate or prohibit a candidate from presently establishing a campaign account and expending funds therefrom in campaigning for nomination or election or reelection to a political office in the 1986 primary and general elections.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General