BASKIN, Judge
(dissenting).
In my view the appeal should not be dismissed; I would reverse the final judgment because it appears the trial court overlooked the distinction between candidacy for employment and candidacy for elective office. I would remand with directions to grant appellant’s request for an injunction.
Appellant is a deputy clerk in the office of the Clerk of the Circuit Court of the Eleventh Judicial Circuit. In 1990, appellant became a Republican candidate for the elective office of Clerk.
Upon learning of appellant’s candidacy, the acting Clerk, Tony Cotarello, filed a complaint with the state attorney, questioning the propriety of a court-ordered seal on two criminal history records pertaining to appellant. The state attorney obtained an ex parte order permitting the records to be unsealed for the limited purpose of investigating Cotarello’s complaint. After conducting an investigation, the state attorney determined that the records were properly sealed and that Cotarello’s complaint was unfounded. The state attorney prepared a criminal investigation report to that effect and returned the records to the court, which ordered them reseáled. The state attorney, however, made the report a public record.
The report sets forth the facts of the investigation as well as the nature of the charges in both of appellant’s sealed records. The report identifies appellant as the defendant in both records, and as the candidate in the upcoming election for the Clerk’s position. Appellant first learned about the report when a reporter who had received a copy of the report from the state attorney asked him to respond. At least one other representative of the media has obtained a copy of the report.
The foregoing events caused appellant to file a complaint against the state attorney. He sought to enjoin the further distribution or publication of the report as well as the dissemination of information the report obtained from the sealed records. Appellant asserted that the report misconstrued and misrepresented the facts in the sealed records. He alleged that the dissemination of information contained in sealed records violates section 943.058, Florida Statutes (1989). Not only would the disclosure have an adverse affect on his campaign, he maintained, but publication would also adversely affect his future efforts to seek office and cause harm to his career and his reputation. Appellant requested that the state attorney’s report be sealed and removed from the public records.
*666 The court conducted a hearing on appellant’s emergency motion for a temporary restraining order. After the hearing, the trial court entered a final judgment denying appellant’s request that the report be sealed and denying all other requested relief. Appellant filed a motion for rehearing, arguing that section 943.058 expressly provides for the confidentiality of sealed criminal records, and that disclosure to the media of the contents of sealed records in the state attorney’s report was not within the statute’s exceptions. Furthermore, he asserted, if the final judgment were not altered, the information in the sealed records would also become a matter of public record.
The trial court granted appellant’s motion for rehearing and entered an order clarifying the final judgment, stating: “the Court’s Final Judgment dated October 24, 1990, is clarified to reflect that since [appellant] is no longer a candidate for employment with a criminal justice agency, his records in the possession of the defendant are confidential and shall not be disclosed.” (Emphasis supplied). The final judgment does not address the state attorney’s report.
Appellant asserts that the logical inference to be drawn from the order clarifying the final judgment is that the sealed records will become public once he seeks elective office. Furthermore, the clarifying order does not address the report prepared by the state attorney. Consequently, the state attorney’s report remains a public record even though it contains information in sealed records.
Although the election has been concluded, mooting the request for an injunction, I would retain jurisdiction and resolve the issue. Whether information in appellant’s properly sealed records may be revealed to the media by either the state attorney or an opposing candidate is a matter of great public importance and great interest to the public and will probably recur in future elections for the office of Clerk. In fact, appellant has expressed his intention to run for that office in the next election. The trial court’s Order Granting Rehearing and Clarifying Final Judgment implies that appellant’s sealed records will again be subject to public scrutiny when he resumes his candidacy for office. Plante v. Smathers, 372 So.2d 933 (Fla.1979), and Sadowski v. Shevin, 345 So.2d 330 (Fla.1977), permit us to retain jurisdiction under these circumstances.
The trial court’s order contravenes section 943.058, Florida Statutes (1989). Section 943.058(6), provides that the subject of sealed records “may lawfully deny or fail to acknowledge the events covered by the expunged or sealed records.” Subsection (6)(a) creates an exception “[w]hen the person who is the subject of the record is a candidate for employment with a criminal justice agency.” Under section 943.-058(6)(a), appellant may not conceal information relating to his sealed records when seeking employment; however, appellant is not a “candidate for employment.” He is a candidate for elective office. Apparently, the trial court did not consider this distinction. The statute does not contemplate that sealed records be made public under these circumstances. Had the legislature intended to broaden subsection (6)(a) when it was amended in Laws 1988, c. 88-248, § 1, to include persons seeking elective office, it would have broadened the exclusion from the sealed records’ protection scheme. Courts should confine themselves to construing statutes according to the precise language employed by the legislature. Florida Gulf Health Systems Agency, Inc. v. Commission of Ethics, 354 So.2d 932 (Fla. 2d DCA 1978). Section 943.058 does not provide for the dissemination of information in sealed records to the public under any circumstances.
Section 943.058(3)(b) makes it unlawful for “any employee of an entity set forth in paragraph (6)(a) ... to disclose information relating to the existence of a sealed or expunged record of a person who seeks employment or licensure with such entity or contractor, except to the person to whom the record relates or to persons having direct responsibility for employment or licensure decision.” (Emphasis supplied.) Section 943.058(6)(a) may not be read independently of section 943.058(3)(b). *667 To do so would defeat the purpose of the statute, i.e. to provide for the confidentiality of sealed records. See Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla.1983) (intent of legislature as gleaned from the statute is law). A construction which gives effect to a statute is preferred over one which defeats it. Schultz v. State, 361 So.2d 416 (Fla.1978); Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976). Thus, while appellant may not withhold information in his sealed records from his employer, appellant need not apprise anyone else of the information, and no one may disseminate the information.
To permit Cotarello or the state attorney’s office to disseminate to the public information contained in a sealed record perverts the statute. As Judge Goderich correctly observed in his concurrence, the trial court’s order denies appellant the rights conferred upon him by section 943.-058; “in effect, the trial court is doing indirectly what it cannot do directly.” Op. at 665.
Section 943.045(7) defines a “record” as “any and all documents, writings, computer memory, and microfilm, and any other form in which facts are memorialized, irrespective of whether such record is an official record, public record, or admissible record or is merely a copy thereof.” (Emphasis supplied). The state attorney’s report, containing explicit, and allegedly incorrect, references to the facts in appellant’s sealed record, clearly falls under the protection provided sealed records by section 943.058 and may not be revealed. Under the statute, the state attorney’s report is a “record” because it contains factual information copied from sealed criminal records. It is totally improper to make public a report that contains sealed information.
For these reasons, I would reverse the trial court’s order, and remand with instructions to enter the requested relief.