594 So.2d 337 (1992)
Robert BELLAMY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2879.
District Court of Appeal of Florida, First District.
February 27, 1992.
*338 Angela L. Jacobs, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his conviction for sexual battery. We affirm and write only to address appellant's contention that his constitutional rights to due process were violated when the trial court permitted the victim to be present in the courtroom during the trial pursuant to the 1988 "rights of victims" amendment to the Florida Constitution, Article I, section 16(b).
Article I, section 16(b) entitles a crime victim to be present at trial unless such presence would interfere with the constitutional rights of the accused. Appellant contends that because his defense was consensual sex, that his accuser could not be classified as a victim for purposes of the amendment until the jury decided whether to believe her version of the event or his. By permitting her presence in the courtroom, appellant contends, the trial court destroyed his presumption of innocence and relieved the state of the burden of proving guilt beyond a reasonable doubt.
To give the construction to "victim" urged by appellant would undermine the purpose of the victim's rights constitutional amendment. A constitutional provision is to be construed in such a manner as to make it meaningful, and a construction which will lead to an absurd result should not be adopted when another construction will accomplish the manifest intent and purpose of the people. Plante v. Smathers, 372 So.2d 933, 936 (Fla. 1979).
There was nothing in the manner or circumstances under which the provision in question was invoked which violated appellant's rights. The jury was not made aware that his accuser was declared a "victim" and could remain in the courtroom. We find no substance to appellant's contention that his presumption of innocence was destroyed by her presence. The state did not attempt to call her as a rebuttal witness, and there is no contention that her presence altered or affected the presentation of the state's case, or that of the defense, in any way. No argument is made that the victim displayed any emotion or otherwise drew attention to herself while sitting in the courtroom, and we find no basis upon which it could be said that her presence could have prejudiced the jury against appellant. In short, appellant has not sustained his constitutional challenge.
AFFIRMED.
ERVIN and ALLEN, JJ., concur.