THOMAS, J.
specially concurring.
I concur with the majority opinion finding that no jurisdiction existed in the trial court to consider the declaratory judgment action below. I write to briefly reiterate that our conclusion on jurisdiction should not be read as an imprimatur on the statute’s constitutional validity.
Article II, section eight of the Florida Constitution mandates “full and public disclosure of [the candidate’s and officer’s] financial interests.” As noted by the Florida Supreme Court, this constitutional mandate serves several laudable purposes, including “the public’s right to know an official’s [financial] interest, deterrence of corruption and conflicting interests, creation of public confidence in Florida’s public officials, and assistance in detecting and prosecuting officials who violate the law.” Plante v. Smathers, 372 So.2d 933, 937 (Fla.1979). The “Sunshine Amendment,” as Article II, section eight is popularly designated, ensures that “[o]ur form of government is based upon an enlightened choice by an informed electorate, and in Florida the people have expressly declared their desire that this information be made available to them by candidates for elected constitutional office.” Id. at 937. And although the statute requires that an initial list of assets assigned to the trust be provided to the Commission on Ethics, the electorate is not informed as to what assets will remain in the trust and what new assets may be acquired.
*243 Thus, the qualified blind trust statute may likely be incompatible with the superior organic law’s requirement of “full and public disclosure,” in view of the text of the entire amendment, the history of the intent of the amendment, and the statute’s provisions, notwithstanding the statute’s presumption of constitutional validity. Crist v. Fla. Ass’n of Criminal Defense Lawyers, Inc., 978 So.2d 134, 139 (Fla.2008). Our decision today on justiciability should not be read to lend any support for the proposition that the statute at issue ensures “full and public disclosure,” as mandated by Article II, section eight of the Florida Constitution.