409 P.2d 409

**Dale G. HAILE, Sheriff of Canyon County, Idaho, Plaintiff,**

v.

**Sam S. FOOTE, Clerk of the District Court and Ex-Officio Auditor and Recorder, Canyon County, State of Idaho, Defendant.**

No. 9759.

Supreme Court of Idaho.

Dec. 31, 1965.

Givens, Doane, Givens & Manweiler, Boise, for appellant.

Earl E. Reed, Nampa, for respondent.

KNUDSON, Justice.

This is an original proceeding in this court brought by Dale G. Haile as Sheriff of Canyon County, Idaho, seeking a writ of prohibition and judgment holding that the term of office of incumbent sheriffs in all counties in this state is four years commencing the second Monday in January, 1965.

Prior to the general election held November 3, 1964, the pertinent portion of Article 18 Section 6 of the Constitution of the State of Idaho (hereinafter referred to as the "constitution") provided as follows:

"Section 6. COUNTY OFFICERS.—The legislature by general and uniform laws shall, commencing with the general election in 1962, provide for the election biennially, in

each of the several counties of the state, of county commissioners, a sheriff, a county treasurer, who is ex-officio public administrator, a probate judge, until otherwise provided by the legislature, a county assessor and a coroner."

During the Thirty-seventh Session of the State Legislature in 1963, a joint resolution identified as Senate Joint Resolution No. 6, proposing an amendment to said section 6 of the constitution, was regularly passed, the pertinent portion of said proposed amendment being as follows:

> "Section 6. COUNTY OFFI-CERS.—The legislature by general and uniform laws shall, commencing with the general election in ~~1962~~ 1964, provide for the election biennially, in each of the several counties of the state, of county commissioners, ~~a sheriff~~, a county treasurer, who is ex-officio public administrator, a probate judge, until otherwise provided by the legislature, a county assessor and a ~~coroner~~ and for the election of a sheriff every four years in each of the several counties of the state."

(In the foregoing copy the portions proposed to be stricken are indicated by cross-outs and the proposed additions are indicated by underlining.)

Plaintiff Dale G. Haile was elected Sheriff of Canyon County at the general election held November 3, 1964, as were sheriffs in each of the other counties of this state. The terms of said sheriffs were to begin on the second Monday in January, 1965.

At the same election the foregoing mentioned amendment was ratified by the electors of this state.

By petition filed September 29, 1965, plaintiff commenced this proceeding and on September 30, 1965 this court issued its alternative writ of prohibition directing defendant Sam S. Foote to show cause why he should not be absolutely restrained from accepting any filings for the primary and general elections in 1966 for the office of sheriff in Canyon County, Idaho.

Defendant has filed his motion to dismiss plaintiff's petition alleging, inter alia, insufficiency of the petition; that the petition is premature and that the petition properly should have been filed with the district court. After considering defendant's motion we find that the verified petition is in compliance with the requirements of Rule 49 of this court and that the petition is not premature. Since this court has original jurisdiction to issue the writ sought herein, there is no merit to defendant's objection to the jurisdiction of this court. (See article 5 section 9 of the Constitution of the State of Idaho.) The motion to dismiss is denied.

The principal question presented is whether the amendment of article 18 section 6 of the constitution which was approved and adopted by the voters of the state at the general election held November 3, 1964 changed the term of office of sheriff from two to four years commencing with the second Monday in January 1965.

Plaintiff contends that the amendment is self-executing and that no action on the part of the legislature is necessary to make it effective. Defendant contends that the amendment is merely an enabling act granting to the legislature the authority to change the term. Defendant argues that I.C. § 34–202, which provides that sheriffs shall be elected every two years, must be amended by the legislature in order to accomplish a change of the term and since this was not done during the 1965 session the change to a four-year term cannot be effective as to the term which commences in January 1965.

A basic guide or rule in determining whether a constitutional provision should be construed to be self-executing has been stated by the United States Supreme Court in Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 212, 45 L.Ed. 249 (1900), in substance as follows:

"A constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law. * * * where a constitution asserts a certain right, or lays down a certain principle of law or procedure, it speaks for the entire people as their supreme law, and is full authority for all that is done in pursuance of its provision. In short, if complete in itself, it executes itself."

A constitution is usually regarded as a declaration of the fundamental law and it is entirely within the power of those who adopt it or amend it to make its provisions self-executing. Whether a particular constitutional provision is self-executing is determined from the language used in the instrument itself and the purpose intended to be carried out.

It is contended the directive in the amendment that "[t]he legislature by general and uniform laws shall * * * provide for the election * * *" indicates that future legislation is required to effectuate the amendment. With this contention we do not agree. Article 18 section 6 of our constitution has been amended seven times and at the beginning of each of such amendments the identical language has been used.

In 1912 the legislature by Senate Joint Resolution No. 1 proposed an amendment whereby the duties of tax collector were to be transferred from the county assessor to the county treasurer. The amendment was approved and adopted by the voters of the state on November 5, 1912. The legislature passed an act which was approved March 11, 1913 amending section 1991 of the Revised Codes making the change prescribed by the constitutional amendment. The issue as to whether the amendment was self-operative was presented to this court in Cleary v. Kincaid, 23 Idaho 789, 131 P. 1117, wherein it is stated:

> "This addition to section 1991 is simply a declaration of the Legislature for the performance of a duty which the amendment itself provides for, and adds nothing whatever to the amendment, and provides no rules or means other than the amendment itself provides for, with reference to the transfer of the ex-officio duties of tax collector from assessor to county treasurer. It amounts to, and is in fact an approval of the amendment. The amendment, having provided that the county treasurer become tax collector, was sufficient of itself to make the county treasurer ex-officio tax collector, and upon the adoption of the amendment by the voters of the state at the general election November 5, 1912, the duties of tax collector, as defined by law, were transferred from the assessor to the county treasurer, and legislation on the subject was not required, as such intent appears from the amendment itself and controls the determination of such question."

The court also quoted with approval that " 'Constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of a right given or the enforcement of a duty imposed.' "

Cooley, in his work on Constitutional Limitations, 8 ed., Vol. 1, p. 170, states:

> "A constitutional provision does not lose its self-executing quality merely because it provides that the legislature shall by appropriate legislation provide for carrying it into effect; and the mere fact that legislation might supplement and add to or prescribe a penalty for the violation of a self-executing provision does not render such provision ineffective in the absence of such legislation."

In the recent case of Gray v. Bryant (Fla., 1960), 125 So.2d 846, Section 6(2) Article V of the Florida Constitution as amended was under consideration, reading

" '*The legislature shall provide* for one circuit judge in each circuit for each fifty thousand inhabitants or major fraction thereof according to the last census authorized by law. In circuits having more than one judge the legislature may designate the place of residence of any such additional judge or judges.' " (emphasis supplied)

In construing said section the court stated the general tests and concluded:

"Unquestionably Section 6(2), Article V lays down a sufficient rule by which the number of circuit judges which the people have dictated shall be furnished to them may be readily determined without enabling action of the legislature.

* * * * * *

"It seems clear to us that the subject provision meets the test and should be construed to be self-executing and as not requiring legislative action to activate the effect of its provisions as to number of judges."

In State ex rel. O'Connell v. Duncan, 108 Mont. 141 (1939), 88 P.2d 73, the court considered a question and facts very similar to those involved in the case at bar. The petitioner was re-elected Sheriff of Lewis and Clark County at a general election held November 8, 1938. The legislative assembly had provided by Chapter 93 of its 1937 Session Laws that the question as to whether the state constitution should be amended to change the term of office of county officers from two to four years, should be submitted to the qualified voters at the same general election. Said chapter also provided that if a majority of all votes cast at such election "shall be in favor of such amendment, the governor of the State shall so declare by public proclamation, and the amendment shall be in full force and effect as a part of the constitution from and after the date of such proclamation."

The amendment was adopted and petitioner sought a writ of mandamus to compel the respondent as clerk and recorder of the county to issue him a certificate showing his term of office to be for a period of four years beginning the first Monday in January 1939. Respondent contended that the amendment was not effective until the proclamation of the Governor, which was published December 2, 1938.

In discussing this contention the court cited the provision of the Constitution which provides for the manner in which it may be amended, and commented that "[i]t will be noted that no mention is made in the Constitution itself about the necessity of any proclamation by the governor before an amendment shall become a part of the Constitution."

The court further stated that:

"If it were put within the power of any officer to defeat or delay the express will of the people in such a vital matter, grave harm might result, notwithstanding the fact that in such a case the governor might be compelled by mandamus to issue his proclamation. It may be assumed that no governor would refuse or neglect to issue his proclamation, but as has often been said by this court, it is not what is done under the color of law, but what might be done that is dangerous."

Petitioner argued that the amendment was self-executing and became effective immediately upon its adoption, while respondent also contended that it did not become effective, or apply to the county officers mentioned, until the general election of 1940. In concluding the opinion the court stated:

"Our conclusion is that on and after the 8th day of November, 1938, there was but one term of office provided for the county officers referred to in the amendment to the Constitution then adopted, and that the four-year term immediately became effective and the two-year term ceased to exist at that time, and, hence, the relator is entitled to the relief prayed."

See also State ex rel. Mathews v. Houndersheldt (1922), 151 Minn. 167, 186 N.W. 234; Kitchin v. Wood (1911), 154 N.C. 565, 70 S.E. 995.

It is not questioned that the term of county offices may be shortened or lengthened by constitutional amendment at any time the people choose to express their will to that effect in the manner provided in the constitution. If the amendment here under consideration be construed not to be self-executing, but rather as requiring legislative action to extend the term of the office of sheriff, the effect would be to give the legislature the discretion to extend the term or not at its will and would make it possible for the legislature to fail to act in accordance with the mandate prescribed therein and thereby to frustrate the people's will.

The fact that a right granted by a constitutional provision may be better or further protected by supplementary legislation does not of itself prevent the provision from being self-executing. 16 C.J.S. Constitutional Law § 48, p. 144; 11 Am. Jur., Constitutional Law, § 75, p. 692; People v. Carroll (1958), 3 N.Y.2d 686, 171 N.Y.S.2d 812, 148 N.E.2d 875. The fact that the constitutional provision here being considered contains a mandate to the legislature to enact supplemental and appropriate election laws to implement elections in accordance with its provisions does not prevent the amendment from being self-executing. Acting under this mandate the legislature is occupying the mere ministerial position of changing the laws relating to elections to conform to the changed

term. The mandate to the legislature to do its duty cannot make the obligation any more binding. The duty exists without the mandate. See Gherna v. State (1915), 16 Ariz. 344, 146 P. 494.

As concerns the date upon which the amendment became effective there can be no question. Under Article XX section 1 of the constitution, upon the ratification of an amendment it becomes a part of the constitution. However, if the amendment in its own terms fixes a time different from said constitutional provision, and it is ratified, then it becomes just as much a part of the constitution as the provision above referred to. McBee v. Brady, 15 Idaho 761, 100 P. 97; Idaho Mutual Benefit Association v. Robison, 65 Idaho 793, 154 P.2d 156.

The fundamental object to be sought in construing a constitutional provision is to ascertain the intent of the framers and the provision must be construed or interpreted in such manner as to fulfill the intent of the people, never to defeat it. Although we have no problem in determining the intent of those proposing the amendment as well as the intention of the electors in adopting the amendment we believe that a review of the title to said Senate Joint Resolution No. 6 dispenses with any reasonable doubt as to the intended purpose of the proposed amendment. Such a review is authorized as an aid to construction. Keenan v. Price, 68 Idaho 423, 192 P.2d 662. The pertinent portion of said title is as follows:

"A JOINT RESOLUTION PROPOSING AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF IDAHO BY AMENDING SECTION 6, ARTICLE 18 THEREOF, AS AMENDED, WITH REFERENCE TO THE SHERIFF, REMOVING THE PROVISION THAT THE SHERIFF BE ELECTED EVERY TWO YEARS AND PROVIDING THAT THE SHERIFF BE ELECTED EVERY FOUR YEARS; PROVIDING, ALSO, FOR THE SUBMISSION TO THE ELECTORATE OF THE STATE OF IDAHO FOR THEIR APPROVAL OR REJECTION THE QUESTION OF WHETHER OR NOT SAID SECTION 6, SECTION [ARTICLE] 18 OF THE CONSTITUTION OF IDAHO, AS AMENDED, SHALL BE SO AMENDED; * * *"

The amendment here being considered became effective immediately upon its ratification and under its clearly stated provisions the election of a sheriff for a four-year term commenced with the general election in 1964. There is nothing in the language to suggest that the operation of

the amendment was to be postponed for two years or any other period.

As concerns notice to the electorate of the proposed amendment, under our constitutional requirement (Article XX section 1) it must be published in not less than one newspaper of general circulation published in each county for at least six consecutive weeks prior to the next general election. The method of notice so prescribed by the constitution is one reasonably calculated to give notice to the voters and this method was complied with in the instant case.

■ We have examined the question which was submitted to the electorate and find no merit in a contention that the question was not responsive to the proposal set forth in the resolution passed by the legislature.

In this connection this court in Penrod v. Crowley, 82 Idaho 511, 356 P.2d 73, quoted with approval that

"'* * * this Court has recognized the almost universal rule that once an amendment is duly proposed and is actually published and submitted to a vote of the people and by them adopted without any question having been raised prior to the election as to the method by which the amendment gets before them, the effect of a favorable vote by the people is to cure defects in the form of the submission.'"

And also:

"The will of the electors as indicated by their ballots should not be defeated by a mere irregularity in the procedure of submission of the amendment."

The question submitted was followed on the ballot by the attorney general's statement of the meaning and purpose of the proposed amendment which was printed in the ballot for the voter's information. The statement is as follows:

"This proposed amendment of the Idaho Constitution is designed to increase the term of office of the sheriffs of the several counties of the State of Idaho to four (4) years.

"Section 6 of Article XVIII of the Idaho Constitution as now in effect, states that the Legislature shall provide for the election of county sheriffs every two (2) years.

"Section 34-202 of the Idaho Code provides that at the general election in 1920 and every alternate year thereafter (such as 1966) a sheriff shall be elected in every county. The proposed constitution amendment, if approved, would instruct the Legislature to provide for the election of a sheriff every four years. Thus, if the proposed amendment is approved, the Legislature would be instructed to amend Section 34-202, Idaho Code, in a manner that would allow the election of a sheriff

every four years instead of the present two years."

This statement clearly and correctly advised the voters of the meaning and purpose of the proposed amendment.

This court has clearly stated its position concerning defects which relate only to form or procedure by which an amendment is submitted to the voters. In Penrod v. Crowley, supra, we stated that defects which relate only to the form or procedure by which an amendment to the constitution is submitted to the electorate, and which are not such as to mislead the voters, are not sufficient to warrant the courts in holding the amendment void and defeating the will of the people after the people have clearly and knowingly approved the amendment as proposed. The expressed will of the people is not thus lightly to be disregarded and defeated on purely technical grounds.

After due consideration we conclude that the amendment was intended to enlarge, and did enlarge, the official term of sheriffs chosen at the general election in 1964 and that when they took office in January 1965 it was for a term of four years.

Peremptory writ of prohibition is hereby ordered issued.

McQUADE, C. J., and McFADDEN and SMITH, JJ., concur.

TAYLOR, J., sat at the hearing but did not participate in the decision.