OPINION OF THE COURT
William L. Ford, J.
This is a CPLR article 78 proceeding brought by the petitioners for a judgment "revising and reversing the determination of the State Comptroller dated December 3, 1985 * * * and directing respondent to pay to petitioner [a sum of money]”.
The court has examined the petition and the exhibits annexed thereto together with the petitioners’ memorandum of law and the answer of the respondents together with their memorandum of law.
The District Attorney of Suffolk County investigated and successfully prosecuted certain individuals for bribery and bribe receiving regarding three employees of the State of New York, to wit: a senior right-of-way agent, a motor vehicle license examiner, and a motor vehicle inspector. NY Constitution, article XIII, § 13 (b) provides as follows: "(b) any district attorney who shall fail faithfully to prosecute a person charged with the violation in his county of any provision of this article which may come to his knowledge, shall be removed from office by the governor, after due notice and an opportunity of being heard in his defense. The expenses which shall be incurred by any county, in investigating and prosecuting any charge of bribery or attempting to bribe any person holding office under the laws of this state, within such county, or of receiving bribes by any such person in said county, shall be a charge against the state, and their payment by the state shall be provided for by law.” (Emphasis added.)
The respondent Edward Regan, New York State Comptroller, denied the application of the petitioners made pursuant to section 13 for the reimbursement of expenses incurred in the bribery matters, upon the ground that the State employees investigated and convicted "are not State officers within the context of section 13” and/or "not 'person[s] holding office under the laws of this State’ ”.
It appears from the decisions of the respondent and the memorandum of law on his behalf on this submission that the respondent has taken the position that the meaning of the phrase "person holding office under the laws of this State” in *540 section 13 is to be determined by using the standard set forth in Public Officers Law § 2.
The interpretation by the respondent of the meaning of section 13 is, of course, entitled to some weight, but its interpretation by the petitioners is entitled to at least as much weight as the District Attorney is the office designated in the Constitution to investigate and prosecute the designated conduct. The appropriate guide for considering the reimbursement required would appear to be the language used by the court in the case of People v Carroll (3 NY2d 686, 689):
"The most compelling criterion in the interpretation of an instrument is, of course, the language itself. Particularly is this so in the case of a constitutional provision like the one before us where the writing is the deliberate product of a group of men specially selected for and peculiarly suited to the task of its authorship. It is obvious good sense, under such circumstances, to attribute to the provision’s authors the meaning manifest in the language they used. When this language is clear and leads to no absurd conclusion there is no occasion, and indeed it would be improper, to search beyond the instrument for an assumed intent * * *
"Here the language of the constitutional provision speaks its meaning with sufficient clarity to make further inquiry unnecessary.”
Bribery in any of its insidious variations of those responsible for the conduct of the State’s responsibilities at all levels of government necessarily erodes public confidence and is in derogation of the oath required by NY Constitution, article XIII, § 1. The plain intent from the language used by the framers of the Constitution to specifically protect against bribery and to encourage the vigorous investigation of allegations of bribery and prosecution of such crimes by providing moneys of the State over and above the normal appropriations of moneys by a county to its District Attorney is not a matter to be readily diluted by sophisticated rationalization.
The avid protection of the public purse of the State from unauthorized claims not duly provided for by the laws of the State is to be lauded, but in this instance the respondent has not provided the court in the papers before it with any persuasive basis for the construction of section 13 adopted by him.
The court finds that the petitioners are entitled to be *541 reimbursed by the State pursuant to section 13 and that the determination of the respondent is arbitrary and capricious.
The respondent argues that section 13 is not self-executing and, accordingly, the petitioners do not have a clear legal right to the relief sought. Section 13 does put the burden on the Legislature to provide for the payment of such expenses. The petitioners rely on State Finance Law §8 (7) and (8) which provides as follows in regard to the duties of the respondent:
"7. Audit all vouchers of any person, corporation, association, state or other public officer, department or institution, to whom or which moneys appropriated are payable, or are authorized or directed to be paid pursuant to law, before issuing his warrant for the payment thereof; and vouchers shall be required in all such cases.
"8. Draw warrants on the treasury for the payment of the moneys directed by law to be paid out of the treasury, but no such warrant shall be drawn unless authorized by law, and every such warrant shall refer to the law under which it is drawn.”
The court finds that the payment demanded by the petitioners is authorized and required by State Finance Law § 8 (7) and (8) and § 13.
The petition is granted.