528 So.2d 392 (1988)
David KOBRIN, et al., Appellants,
v.
David LEAHY, Supervisor Dade County Board of Elections, Appellee.
No. 88-448.
District Court of Appeal of Florida, Third District.
March 3, 1988.
*393 Bruce Rogow, Fort Lauderdale, Kaplan, Sicking & Bloom and Richard A. Sicking, Miami, for appellants.
Robert A. Ginsburg, Co. Atty. and Murray Greenberg, Asst. Co. Atty., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
This case challenges the placement upon the ballot of a proposition which indubitably has the effect of eliminating the existence of a government entity, the governing body of the county Fire and Rescue Service District, at the same election at which the voters elect persons to that very board. The language of the proposition,[1] however, makes no specific reference to the totally inconsistent, but simultaneously conducted election, nor even to the elimination of the board itself. We must conclude that the apparently studied omission of such a reference[2] and the consequent and just as obvious failure to dispel the confusion which must inevitably arise from this set of circumstances[3] renders the language as framed fatally defective. In the context of the bewildering and conflicting decision-making facing the voters, the language of the proposition is both misleading, see Askew v. Firestone, 421 So.2d 151 (Fla. 1982), and contrary to the requirements of section 101.161(1), Florida Statutes (1987), that a ballot question set forth "the substance of ... [the] public measure ... in clear and unambiguous language ... [which contains] the chief purpose of the measure" and to Article 7, Section 7.01(4)(b) of the Metropolitan Dade County Home Rule Charter that ballot language provide "a clear understanding of the proposal." See Smathers v. Smith, 338 So.2d 825 (Fla. 1976).
Since we find no merit in the county's alternative argument for affirmance that the appellants are guilty of laches, the judgment below is reversed and the cause remanded with directions to forbid the tabulation of votes on the proposition in question.
Reversed.[4]
SCHWARTZ, C.J., and HENDRY, J., concur.
*394 NESBITT, J. (dissenting):
I respectfully dissent.
The substance of the referendum ballot at issue specifically provides "that the Board of Dade County Commissioners shall be the governing body of the Metro-Dade Fire Rescue Service District." These words unambiguously set out the chief purpose of the proposal as required by section 101.161(1), Florida Statutes (1987). A second ballot authorizes the electorate to select representatives by districts to the Fire Rescue Service board. The separate positioning of these ballots in addition to the clear and unambiguous wording of each should not mislead an informed voter of average intelligence as to the consequences of his vote. See Hill v. Milander, 72 So.2d 796, 798 (Fla. 1954). I would affirm the order permitting tabulation of the referendum ballot.
NOTES
[1] OF GOVERNING BODY OF METRO-DADE FIRE RESCUE SERVICE DISTRICT
SHALL THE DADE COUNTY HOME RULE CHARTER BE AMENDED TO PROVIDE THAT THE BOARD OF COUNTY COMMISSIONERS SHALL BE THE GOVERNING BODY OF THE METRO-DADE FIRE AND RESCUE SERVICE DISTRICT ESTABLISHED BY ORDINANCE NO. 80-86?
 YES ____
 NO ____

[2] It would have been a simple matter to supplement the proposition to provide that "the independent governing body of the fire and rescue service district is abolished and the Board of County Commissioners shall be the governing body... ." Why this was not done must be a matter of speculation.
[3] We do not decide whether placing the two items on the same ballot would be ipso facto improper, regardless of the wording of the ballot proposition.
[4] Rehearing is dispensed with.