750 So.2d 610 (1999)
In re ADVISORY OPINION TO THE GOVERNORTERMS OF COUNTY COURT JUDGES.
No. 94,791.
Supreme Court of Florida.
October 14, 1999.
*611 Carol A. Licko, General Counsel, and Frank R. Jimenez, Deputy General Counsel, Office of the Governor, Tallahassee, Florida, for Petitioner, The Honorable Jeb Bush.
Raymond Ehrlich and Scott D. Makar of Holland & Knight LLP, Jacksonville, Florida, for Conference of County Court Judges of Florida, Amicus Curiae.
The Honorable Jeb Bush Governor, State of Florida The Capitol Tallahassee, Florida 32399
Dear Governor Bush:
We have the honor to acknowledge your communication of February 1, 1999, requesting our advice pursuant to article IV, section 1(c), of the Florida Constitution.
The pertinent parts of your letter read as follows:
By virtue of Article IV, section 1(c), Florida Constitution, and in light of my constitutional responsibility to commission all officers of the state and counties, I respectfully request your written opinion regarding the implementation of Article V, section 10(b), Florida Constitution, as amended during the 1998 general election.
In November 1998, Florida voters approved a constitutional amendment of Article V, section 10, Florida Constitution, relating to the retention, election and terms of office of judges. Subsection (b) of Article V, section 10, was revised to provide:
(1) The election of circuit judges shall be preserved notwithstanding the provisions of subsection (a) unless a majority of those voting in the jurisdiction of that circuit approves a local option to select circuit judges by merit selection and retention rather than by election. The election of circuit judges shall be by a vote of the qualified electors within the territorial jurisdiction of the court.
(2) The election of county court judges shall be preserved notwithstanding the provisions of subsection (a) unless a majority of those voting in the jurisdiction of that county approves a local option to select county judges by merit selection and retention rather than by election. The election of county court judges shall be by a vote of the qualified electors within the territorial jurisdiction of the court.
(3)a. A vote to exercise a local option to select circuit court judges and county court judges by merit selection and retention rather than by election shall be held in each circuit and county at the general election in the year 2000. If a vote to exercise this local *612 option fails in a vote of the electors, such option shall not again be put to a vote of the electors of that jurisdiction until the expiration of at least two years.
b. After the year 2000, a circuit may initiate the local option for merit selection and retention or the election of circuit judges, whichever is applicable, by filing with the secretary of state a petition signed by the number of electors equal to at least ten percent of the votes cast in the circuit in the last preceding election in which presidential electors were chosen.
c. After the year 2000, a county may initiate the local option for merit selection and retention or the election of county court judges, whichever is applicable, by filing with the supervisor of elections a petition signed by the number of electors equal to at least ten percent of the votes cast in the county in the last preceding election in which presidential electors were chosen. The terms of circuit judges and judges of county courts shall be for six years. (emphasis supplied)

Since the amendment did not specify an effective date, the amendment became effective pursuant to Article XI, section 5(c), Florida Constitution, on January 5, 1999.
Questions have been raised by several judges of the county courts regarding the effect of the amendment extending the term of office for county court judges from four years to six years on: (1) county court judges elected in 1998; and (2) county court judges elected in 1996.
This amendment was initially raised during the course of final debate before the Florida Constitution Revision Commission. I have been advised that the Commission, which proposed the amendment for placement on the ballot, has "virtually no analysis, debate, or other history to assist in construing the measure." (See, letter by Deborah Kearney, General Counsel to the Florida Constitution Revision Commission, to Dan Stengle, General Counsel to Governor Lawton Chiles, dated November 9, 1998). An analysis by the President-Elect of the Conference of County Court Judges of Florida concluded that the amendment, as of January 5, 1999, would extend the term of office for all county judges without regard to when they were elected. (See, letter from the Honorable Peter D. Blanc, President-Elect, Conference of County Court Judges of Florida, to Dan Stengle, General Counsel to Governor Lawton Chiles, dated November 18, 1998). The General Counsel for the Florida Constitution Revision Commission, however, has advised that based upon her research of this issue, the amendment applies prospectively to elections of county court judges held after the amendment's effective date. (See, letter by Deborah Kearney, General Counsel to the Florida Constitution Revision Commission, to Dan Stengle, General Counsel to Governor Lawton Chiles, dated November 9, 1998). At the direction of Dan Stengle, General Counsel to Governor Lawton Chiles, commissions extending four-year terms were issued to county court judges elected in 1998, all of whom commenced their term on or after January 5, 1999. These county court judges continue to assert that they are entitled to commissions granting six-year terms. Resolution of this question is necessary to permit me to perform my executive duties and responsibilities to commission officers pursuant to article IV, section 1(a), Florida Constitution.
In view of the confusion which has been expressed, I therefore have the honor to request your opinion:
I. Are those county court judges whose terms began on January 5, 1999, to be commissioned for a term of office of four years to expire on January 6, 2003, or six years to expire on January 4, 2005?

*613 II. Are the remaining county court judges in office as of the date of this letter (generally those judges elected in 1996 and those judges appointed less than 28 months before the end of a term expiring January 2, 2001) to be re-commissioned for a term of office to expire on January 6, 2003?
(Footnote omitted.) On February 24, 1999, we received a letter from your Deputy General Counsel advising us that you wished to change the wording of the second question to the following:
II. Are those elected county court judges whose terms began on January 7, 1997, to be re-commissioned for a term of office to expire on January 6, 2003?
To ensure full and fair consideration of the issues raised, we permitted interested persons to file briefs and to present oral argument before the Court.[1] As pointed out in your letter, article XI, section 5(c) of the Florida Constitution states that if a "revision is approved by vote of the electors, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after the first Monday in January following the election, or on such other date as may be specified in the amendment or revision." Because Amendment 7 did not contain an effective date, it became effective on Tuesday, January 5, 1999.

QUESTION ONE
The county court judges who were elected in November 1998 began their terms on Tuesday, January 5, 1999, the same date Amendment 7 became effective. To answer your first question, we must determine whether a judge's right to a specified term of office accrues on the date of election or the date of assuming office. If the date of assuming office controls, then Amendment 7 was effective at the time the judges assumed office and the commissions should be for six years.
No Florida cases are directly on point. However, In re Advisory Opinion to the Governor, 192 So.2d 757 (Fla.1966), provides insight regarding whether a judge's eligibility requirements must be met on the date of election or the date that the office is assumed. The case involved a circuit judge who was elected on the same date the electorate voted in favor of an amendment that limited the eligibility of persons for the office of circuit judge to persons who had been members of the Bar for five years. As in the present case, this Court determined that the amendment became effective simultaneously with the date the judge's term of office was to begin. This Court concluded that the eligibility requirements "refer to eligibility at the time of assuming office not at the time of qualification or election to office." Id. at 759. However, section 114.01, Florida Statutes (1965), stated that a candidate had sixty days after election or appointment to qualify for the office. Because the judge in question was not able to meet the qualifications within the required time period, this Court advised the governor that the judge was not eligible for office.
Four other states have considered similar cases and concluded that constitutional amendments comparable to Amendment 7 should be applied to the candidates who appeared on the ballots at the same time as the amendments. See Haile v. Foote, 90 Idaho 261, 409 P.2d 409 (1965); Whitcomb v. Young, 258 Ind. 127, 279 N.E.2d 566 (1972); State ex rel. O'Connell v. Duncan, 108 Mont. 141, 88 P.2d 73 (1939); Snow v. Keddington, 113 Utah 325, 195 P.2d 234 (1948). In Snow, the Utah Supreme Court engaged in a thorough analysis of the issue:
The general rule is that the term for which an officer is elected shall be fixed before the election. This is founded on the principle that the right of selecting officers for fixed terms belongs to the people, and the legislature is not permitted to defeat this right by changing the *614 length of term of office after an officer has been elected.
The facts of this case, however, do not bring it within the general rule. In this particular instance, the voters voted on the officer and the extended term at the same time. Neither party contends that the voter can be denied the right to elect constitutional officers and to set the term of office. What does separate the parties, is that plaintiff contends for, and defendant denies, the proposition that the provisions of the constitution in effect at the time the voter cast his ballot determine the length of the term of office and that an amendment to the constitution lengthening the term of office can only effect subsequent elections.
It is clear from the authorities generally, that public offices may be created, abolished, or the time shortened or lengthened by constitutional amendment at any time the people choose to express their will in the manner provided by the constitution. In this case, the voters elected to lengthen the term of office of county attorney to four years. The apparent reason for this change was to make this term of office consistent with, and of the same duration as the terms of other county officers. The voters having lengthened the term to four years, and having made the effective date of the act subsequent to the election, but prior to the time the officers were inducted into office, it is difficult to determine with exactness the intent of the voter. Whether or not the benefits of the amendment should apply to those officers who were elected in 1946, but who were not sworn into office until after the effective date of the act, or whether or not it was intended the four year tenure of office should apply to officers elected after the general election of 1946 is not expressly provided for by the language of the amendment.
195 P.2d at 238-39. The court eventually concluded that the amendment in question applied to the candidates, reasoning:
If the people are denied an opportunity to vote for county attorneys in the year 1948, it is because they, the people, have provided for the election of a county attorney only every four years and have decreed that the effective date of the change was to be prior to the time the present incumbents took office.
Id. at 242.
Based on the rulings from these other states and this Court's opinion in In re Advisory Opinion to the Governor, we find that a candidate's right to a specified term of office accrues on the date of assuming office. Accordingly, the answer to your first question is that those county court judges whose terms began on January 5, 1999, should be commissioned for a term of office of six years to expire on January 4, 2005.

QUESTION TWO
The second question for our consideration is whether those county court judges whose terms began on January 7, 1997, should be recommissioned for a term of office to expire on January 6, 2003. As stated earlier, Amendment 7 became effective on January 5, 1999-almost two years after the judges in question assumed office. Unless specifically stated in the text or in the statement placed on the ballot, constitutional amendments are generally given prospective effect only. See State v. Lavazzoli, 434 So.2d 321, 323 (Fla.1983) ("Nowhere in either article I, section 12 as amended or in the statement placed on the November ballot is there manifested any intent that the amendment be applied retroactively. Therefore, the amendment must be given prospective effect only."). We find no reason to deviate from this general rule in the present case. In fact, while the voters were put on notice of the possibility that Amendment 7 might apply to judges appearing on the November 1998 ballot, there was no indication that Amendment 7 would apply to judges already in office. Applying Amendment 7 to those judges who began their terms on January *615 7, 1997, would undermine the settled expectations of both the officeholders and the people of this State, who believed that the term of office was four years. Therefore, because Amendment 7 should not be applied retroactively, the answer to your second question is that those county court judges whose terms began on January 7, 1997, should not be recommissioned for terms of office to expire on January 6, 2003.
Respectfully,
/s/ Major B. Harding Major B. Harding, Chief Justice
/s/ Leander J. Shaw Leander J. Shaw, Justice
/s/ Charles T. Wells Charles T. Wells, Justice
/s/ Barbara J. Pariente Barbara J. Pariente, Justice
/s/ R. Fred Lewis R. Fred Lewis, Justice
/s/ Peggy A. Quince Peggy A. Quince, Justice
ANSTEAD, J., concurring in part and dissenting in part.
As noted in the Governor's letter, Florida voters approved an amendment to the Florida Constitution in November of 1998 which provided: "The terms of circuit judges and judges of county courts shall be for six years." This provision was obviously enacted to equalize the term of years to be served by county judges with the term of years already set at six years for circuit judges. To accomplish this purpose the amendment states in clear and unambiguous language that the terms of circuit and county court judges shall henceforth be the same, i.e., six years.
I agree with my colleagues that this amendment became effective on January 5, 1999. Hence, in my view, as of January 5, 1999, the terms of office of all circuit and county judges became the same. This equality of terms was the explicit purpose of the amendment and is what our Constitution now commands. I disagree with my colleagues to the extent that their response suggests that there was some intent to "phase in" the equalization of terms depending on the date of a county court judge's election or appointment. There is no evidence that such a complicated scheme to phase in the equalization of terms was intended by the drafters of the amendment or by the voters who approved it.
In my view, the simple and plain language of the amendment speaks for itself. The Florida Constitution now mandates that circuit and county judges serve the same terms. On its effective date the amendment instantly increased the previous four-year terms of sitting county court judges to six years. While the amendment requires virtually no analysis because of its classic simplicity, one might consider the effect of the amendment if it had provided for the equalization of salaries of circuit and county court judges, instead of the terms of office. Surely no one would claim that those county judges elected in November or appointed thereafter would be entitled to the same pay as circuit judges, but those county judges elected or appointed prior thereto would be stuck at the old lower pay.
In conclusion, I would advise the Governor that the amendment equalizing the terms of office for circuit and county court judges applies to all county court judges as of January 5, 1999, and serves to extend the term of office for county court judges from four years to six years.
NOTES
[1] A brief was filed on behalf of the Conference of County Court Judges.