Mr. James A. Cherof Town Attorney for Lauderdale-By-The-Sea Suite 200 3099 East Commercial Boulevard Fort Lauderdale, Florida 33308
Dear Mr. Cherof:
You ask substantially the following question:
May the Town of Lauderdale-By-The-Sea propose an amendment to the town's charter to enlarge the mayor's term of office from two to four years, effective upon approval, at the same election in which the mayor is to be elected?
The charter of the Town of Lauderdale-By-The-Sea currently provides for a term of two years for the elected mayor. According to your letter, the town commission has appointed a charter review board to recommend revisions to the town charter which will be submitted to the town's electorate at a March 2004 election. One such revision is to change the mayor's term of office to four years. The proposed amendment includes a provision for the commencement of the mayor's four year term, if approved, with the election of March 2004. A new mayor will also be selected during the March 2004 election.
Section 166.031(1), Florida Statutes, provides:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."
Section 166.031, Florida Statutes, therefore, requires that the town submit any charter amendments for approval by the electorate.[1] You note that in Attorney General Opinion 89-92, this office stated that pursuant to section 166.031(2), Florida Statutes, the charter, as revised by the amendment or amendments, becomes effective as a consolidated document from the time it is filed with the Department of State. However, the statute does not purport to prescribe an effective date for municipal charter amendments or to require that the effectiveness of such amendments be held in abeyance until the revised charter is filed and such a construction should not be read into the statute. Thus, this office concluded that the effective date of a municipal charter amendment may be prescribed by a general charter provision or within the amendment itself.
This office has determined that alternative proposals, each complete within itself, may be submitted to the electorate in a home rule charter referendum.[2] This office relied on such Florida Supreme Court opinions as State v. Armstrong,[3] in which the Court approved the submission in a referendum election of two separate legislative charter acts, each providing a complete form of government for the City of Pensacola. The Armstrong Court noted that "[e]ach of the charters proposed was a complete law within itself, and, . . . would only become operative when a majority of those voting in an election had voted to change the form of government, and when such majority had thereupon voted to adopt the provisions of one or the other of such charters."[4]
In a 1997 informal opinion, this office concluded that a proposition to amend the county charter may be placed on the ballot which is contingent upon passage of a second proposition.[5] Such a conclusion was based on the principles considered by the Supreme Court of Florida in Antuono v. City of Tampa,[6] where the Court stated:
"If there are two or more separate and distinct propositions to be voted on, each proposition should be stated separately and distinctly, so that a voter may declare his opinion as to each matter separately, since several propositions cannot be united in one submission to the voters so as to call for one assenting or dissenting vote upon all of the propositions; and elections are invalid where held under such restrictions as to prevent the voter from casting his individual and intelligent vote upon the object or objects sought to be obtained."
The Florida Supreme Court in In re Advisory Opinion to the Governor-Terms of County Court Judges,[7] considered the effect of a constitutional amendment extending the term of office of county court judges from four years to six years on those judges who were elected during the same election as the amendment was approved and who began their terms on the same date as the amendment became effective. After reviewing decisions from other states, the Florida Supreme Court concluded that a candidate's right to a specified term of office accrues on the date of assuming office and thus those county court judges whose terms began on the same date as the amendment became effective should be commissioned for a term of office of six years as provided in the amendment.
Here, the proposal to amend the town charter to lengthen the term of office for the mayor is separate and distinct from the ballot provision to elect the mayor. A voter may declare his or her opinion as to each matter separately. Moreover, the proposal to extend the term of the mayor clearly provides that such provision commences with the March 2004 election.[8]
Accordingly, I am of the opinion that the Town of Lauderdale-By-The-Sea may propose an amendment to the town's charter to enlarge the mayor's term of office from two to four years, effective upon approval, at the same election in which the mayor is to be elected.
Sincerely,
Charlie Crist Attorney General
[1] See, e.g., Ops. Att'y Gen. Fla. 01-15 and 01-43 (2001), concluding that amendments to municipal charters adopted after 1973 must be amended in accordance with the provisions of s. 166.031, Fla. Stat.
[2] See, e.g., Op. Att'y Gen. Fla. 71-109 (1971). And see, Op. Att'y Gen. Fla. 98-03 (1998), stating that a board of county commissioners may place two or more propositions on the referendum ballot proposing a county home rule charter provided that each proposal is complete within itself and is stated separately and distinctly in such a form that the voters will have an opportunity to vote either for or against each separate proposal.
[3] 137 So. 140 (Fla. 1931).
[4] Id. at 146. And see, Op. Att'y Gen. Fla. 62-54 (1962), noting that two constitutional amendments, each concerned with the same subject matter, may be submitted for approval or rejection at the same general election.
[5] Informal Op. to Burt Aaronson, dated April 15, 1997.
[6] 99 So. 324, 326 (Fla. 1924).
[7] 750 So.2d 610 (Fla. 1999).
[8] Any ballot summary should clearly advise the voter of the effect of the amendment and that it will affect the term of the mayor being elected during 2004 election. See, s. 101.161, Fla. Stat., stating that whenever a public measure is submitted to the vote of the people, the substance of the measure shall be printed in clear and unambiguous language. Cf., Kobrin v. Leahy, 528 So.2d 392 (Fla. 3d DCA 1988) (placement on ballot of proposition to provide that the board of county commissioners shall be the governing board of the fire and rescue service district, but making no mention of the elimination of the existing governing body of the Fire and Rescue District, was misleading to voters and violated section 101.161(1), especially in light of simultaneously conducted election of persons to the existing governing board), review denied, 523 So.2d 577 (Fla. 1988).